MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
ALEJANDRO ZAPOTECO, *individually and on behalf of others similarly situated,*

                  *Plaintiff,*

-against-

SAROOP & SONS INC. (D/B/A SAROOP & SONS), NOOR LIVE POULTRY CORP. (D/B/A NOOR LIVE POULTRY MARKET), PRANDIT SAROOP, and SALAM DOE,

                  *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Alejandro Zapoteco ("Plaintiff Zapoteco" or "Mr. Zapoteco"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Saroop & Sons Inc. (d/b/a Saroop & Sons), Noor Live Poultry Corp. (d/b/a Noor Live Poultry Market), ("Defendant Corporations"), Prandit Saroop and Salam Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Zapoteco is a former employee of Defendants Saroop & Sons Inc. (d/b/a Saroop & Sons), Noor Live Poultry Corp. (d/b/a Noor Live Poultry Market), Prandit Saroop, and Salam Doe.

2. Defendants own, operate, or control a poultry market, located at 2164 Webster Ave. Bronx, NY 10457 under the name "Noor Live Poultry Market" (previously "Saroop & Sons").

3. Upon information and belief, individual Defendants Prandit Saroop and Salam Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the poultry market as a joint or unified enterprise.

4. Plaintiff Zapoteco was employed as a chicken cutter and deboner at the poultry market located at 2164 Webster Ave. Bronx, NY 10457.

5. At all times relevant to this Complaint, Plaintiff Zapoteco worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Zapoteco appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Zapoteco the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Zapoteco to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Zapoteco and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Zapoteco now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Zapoteco seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Zapoteco's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a poultry market located in this district. Further, Plaintiff Zapoteco was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Alejandro Zapoteco ("Plaintiff Zapoteco" or "Mr. Zapoteco") is an adult individual residing in Bronx County, New York. Plaintiff Zapoteco was employed by Defendants at Nor Live Poultry Market (previously Saroop & Sons) from approximately March 1, 2018 until on or about December 6, 2020.

15. Plaintiff Zapoteco consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a poultry market, located at 2164 Webster Ave. Bronx, NY 10457 under the name "Noor Live Poultry Market" (previously "Saroop & Sons").

17. Upon information and belief, Noor Live Poultry Corp. (d/b/a Noor Live Poultry Market) is a domestic Corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2164 Webster Ave. Bronx, NY 10457.

18. Upon information and belief, Saroop & Sons Inc. (d/b/a Saroop & Sons) is a domestic Corporations organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principal place of business at 2164 Webster Ave. Bronx, NY 10457.

19. Defendant Prandit Saroop is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Prandit Saroop is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Prandit Saroop possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. he determines the wages and compensation of the employees of Defendants, including Plaintiff Zapoteco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Salam Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Salam Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Salam Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Zapoteco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21. Defendants operate a poultry market located in the West Bronx section of the Bronx in New York City.

22. Individual Defendants, Prandit Saroop and Salam Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Zapoteco's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Zapoteco, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Zapoteco (and all similarly situated employees) and are Plaintiff Zapoteco's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Zapoteco and/or similarly situated individuals.

27. Upon information and belief, Individual Defendants Prandit Saroop and Salam Doe operate Defendant Corporations as either an alter ego of themselves and/or failed to operate Defendant Corporations as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a Corporations,

   b) defectively forming or maintaining the corporate entity of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporations for their own benefit and maintaining control over this Corporations as a closed Corporations,

   f) intermingling assets and debts of their own with Defendant Corporations,

   g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Zapoteco's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Zapoteco, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Zapoteco's services.

29. In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the poultry market on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Zapoteco is a former employee of Defendants who was employed as a chicken cutter and deboner.

32. Plaintiff Zapoteco seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Alejandro Zapoteco*

33. Plaintiff Zapoteco was employed by Defendants from approximately March 1, 2018until on or about December 6, 2020.

34. Defendants employed Plaintiff Zapoteco as a chicken cutter and deboner.

35. Plaintiff Zapoteco regularly handled goods in interstate commerce, such as poultry market and other supplies produced outside the State of New York.

36. Plaintiff Zapoteco's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Zapoteco regularly worked in excess of 40 hours per week.

38. From approximately March 1, 2018 until on or about February 2020, Plaintiff Zapoteco worked from approximately 8:00 a.m. until on or about 4:00 p.m., Mondays through Saturdays and from approximately 8:00 a.m. until on or about 2:00 p.m., on Sundays (typically 54 hours per week).

39. From approximately February 2018 until on or about December 6, 2020, Plaintiff Zapoteco worked from approximately 7:30 a.m. until on or about 6:20 p.m., Mondays through Saturdays and from approximately 7:30 a.m. until on or about 4:30 p.m., on Sundays (typically 74 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Zapoteco his wages in cash.

41. From approximately March 1, 2018until on or about February 2020, Defendants paid Plaintiff Zapoteco a fixed salary of $430.00 per week.

42. From approximately February 2020 until on or about December 6, 2020, Defendants paid Plaintiff Zapoteco a fixed salary of $600.00 per week.

43. Plaintiff Zapoteco's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44. For example, from approximately February 2020 until on or about December 6, 2020, Defendants required Plaintiff Zapoteco to start working 30 minutes prior to his scheduled start time and to work 30 minutes past his scheduled departure time on Sundays, and did not pay him for the additional time he worked.

45. Defendants never granted Plaintiff Zapoteco any breaks or meal periods of any kind.

46. Defendants required Plaintiff Zapoteco to sign his time card in order to release his weekly pay.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Zapoteco regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Zapoteco an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Zapoteco, in English and in Spanish (Plaintiff Zapoteco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

50. Defendants required Plaintiff Zapoteco to purchase "tools of the trade" with his own funds—including gloves, masques, alcohol and knife sharpeners every week.

*Defendants' General Employment Practices*

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Zapoteco (and all similarly situated employees) to work in excess of 40 hours a week without paying his appropriate minimum wage and overtime compensation as required by federal and state laws.

52. Plaintiff Zapoteco was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying the wages he was owed for the hours he worked.

53. Defendants' pay practices resulted in Plaintiff Zapoteco not receiving payment for all his hours worked, and resulted in Plaintiff Zapoteco's effective rate of pay falling below the required minimum wage rate.

54. Defendants habitually required Plaintiff Zapoteco to work additional hours beyond his regular shifts but did not provide his with any additional compensation.

55. Defendants paid Plaintiff Zapoteco his wages in cash.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Zapoteco (and similarly situated individuals) worked, and to avoid paying Plaintiff Zapoteco properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Zapoteco and other similarly situated former workers.

60. Defendants failed to provide Plaintiff Barrios and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Zapoteco and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62. Plaintiff Zapoteco brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63. At all relevant times, Plaintiff Zapoteco and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

64. The claims of Plaintiff Zapoteco stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

65. Plaintiff Zapoteco repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Zapoteco's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Zapoteco (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69. Defendants failed to pay Plaintiff Zapoteco (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70. Defendants' failure to pay Plaintiff Zapoteco (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Zapoteco (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiff Zapoteco repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Zapoteco (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Zapoteco (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Zapoteco (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76. Plaintiff Zapoteco repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff Zapoteco's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Zapoteco, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Zapoteco less than the minimum wage.

79. Defendants' failure to pay Plaintiff Zapoteco the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Zapoteco was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

81. Plaintiff Zapoteco repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Zapoteco overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83. Defendants' failure to pay Plaintiff Zapoteco overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Zapoteco was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

85. Plaintiff Zapoteco repeats and realleges all paragraphs above as though fully set forth herein.

86. Defendants failed to pay Plaintiff Zapoteco (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Zapoteco's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

87. Defendants' failure to pay Plaintiff Zapoteco (and the FLSA class members) an additional hour's pay for each day Plaintiff Zapoteco's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

88. Plaintiff Zapoteco was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

89. Plaintiff Zapoteco repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants failed to provide Plaintiff Zapoteco with a written notice, in English and in Spanish (Plaintiff Zapoteco's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

91. Defendants are liable to Plaintiff Zapoteco in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

92. Plaintiff Zapoteco repeats and realleges all paragraphs above as though fully set forth herein.

93. With each payment of wages, Defendants failed to provide Plaintiff Zapoteco with an accurate statement listing each of the following: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

94.   Defendants are liable to Plaintiff Zapoteco in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

95.   Plaintiff Zapoteco repeats and realleges all paragraphs above as though fully set forth herein.

96.   Defendants required Plaintiff Zapoteco to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

97.   Plaintiff Zapoteco was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Zapoteco respectfully requests that this Court enter judgment against Defendants by:

(a)   Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Zapoteco and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Zapoteco and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Zapoteco's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Zapoteco and the FLSA Class members;

(f)     Awarding Plaintiff Zapoteco and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Zapoteco and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Zapoteco;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Zapoteco;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Zapoteco and the members of the FLSA Class;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Zapoteco's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Zapoteco;

(m)    Awarding Plaintiff Zapoteco damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL, as applicable

(n)     Awarding Plaintiff Zapoteco damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Zapoteco liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Zapoteco and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Zapoteco and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (s) All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff Zapoteco demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
   January 4, 2020

                MICHAEL FAILLACE & ASSOCIATES, P.C.

            By:   /s/ Michael Faillace
                Michael Faillace [MF-8436]
                60 East 42nd Street, Suite 4510
                New York, New York 10165
                Telephone: (212) 317-1200
                Facsimile: (212) 317-1620
                *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165  
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

January 4, 2020

BY ELECTRONIC SIGNATURE

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Alejandro Zapoteco

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     January 4, 2020

Certified as a minority-owned business in the State New York