UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALEJANDRO ZAPOTECO, *individually and on behalf of others similarly situated*,

                *Plaintiff*,

-against-

SAROOP & SONS INC. (D/B/A SAROOP & SONS), NOOR LIVE POULTRY CORP. (D/B/A NOOR LIVE POULTRY MARKET), PRANDIT SAROOP, and SALAM DOE,
*Defendants*.
------------------------------------------------------X

Index No. 21-cv-00123

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

PROPOSED FINDINGS OF FACT

1. The Plaintiff commenced this action by filing the Complaint (and associated documents) on January 7, 2021. (*See* ECF Doc. No. 1)

2. This is an action for unpaid wages, overtime, spread of hours pay, liquidated damages, interest, costs and attorneys fees under the Fair Labor Standards Act (29 U.S.C. 201 *et seq.*, "the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations.

3. At all relevant times, Defendants owned, operated, or controlled a live poultry meat market, located at 2164 Webster Ave, Bronx, NY 10457 under the name "Saroop & Sons" and later renamed "Noor Live Poultry Market."

4. At all relevant times, Defendants Saroop & Sons Inc., Noor Live Poultry Corp., and Prandit Saroop were Plaintiff Zapotecos employers within the meaning of the FLSA and New York Labor Law.

5. In each year from 2018 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

6. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

Substantive Facts

*Plaintiff Alejandro Zapoteco*

1. Plaintiff was employed as a chicken cutter and deboner by Defendants from approximately March 1, 2018 until on or about December 6, 2020.

2. Defendants had employees who handled and used goods that were produced outside the State of New York and travelled through interstate commerce.

3. Upon information and belief, from approximately 2015 until on or about 2021 Defendants had a gross volume of sales that exceeded $500,000.

4. Zapoteco was employed by Defendants from approximately March 1, 2018 until on or about December 6, 2020.

5. From approximately March 1, 2018 until on or about February 2020, Plaintiff Zapoteco worked from approximately 8:00 a.m. until on or about 4:00 p.m., Mondays through Saturdays and from approximately 8:00 a.m. until on or about 2:00 p.m., on Sundays (typically 54 hours per week).

6. From approximately February 2018 until on or about December 6, 2020, Plaintiff Zapoteco worked from approximately 7:30 a.m. until on or about 6:20 p.m., Mondays through Saturdays and from approximately 7:30 a.m. until on or about 4:30 p.m., on Sundays (typically 74 hours per week).

7. From approximately March 1, 2018until on or about February 2020, Defendants paid Plaintiff Zapoteco a fixed salary of $430.00 per week.

8. From approximately February 2020 until on or about December 6, 2020, Defendants paid Plaintiff Zapoteco a fixed salary of $600.00 per week

9. Defendants did not provide Zapoteco with any written notice of his rate of pay, his employer's regular pay day and other information required by NYLL §195(1). Further, Defendants did not provide Zapoteco with any document or other statement accurately accounting for all of his actual hours worked, or setting forth the rate of pay for all of his hours worked.

10. Defendants required Plaintiff Zapoteco to purchase "tools of the trade" with his own funds – including gloves, masques, alcohol, and knife sharpeners every week.

## CONCLUSIONS OF LAW

### Plaintiff's Damages Calculation

11. With respect to damages, the record supports an award to Plaintiff of back pay under the FLSA and applicable New York law; mandatory liquidated damages under the FLSA and New York Labor Law; and costs and attorneys' fees under the FLSA and New York Law.

### Minimum and Overtime Wage Back Pay

12. At all times relevant to the FLSA claims in this action, minimum wage rate under the FLSA was $7.25 per hour. 29 U.S.C. §206(a)(1). Employees must be paid one-and-one-half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1).

13. The New York minimum wage rate was $7.25 per hour until December 31, 2013 when it became $8.00 per hour. It further increased to $8.75 per hour on December 31, 2014; it further increased to $9.00 per hour on December 31, 2015; it further increased to $10.50 per hour on December 31, 2016; and it further increased to $12.00 per hour on December 31, 2017; and it further increased to $13.50 per hour on December 31, 2018, and it further increased to $15.00 per hour on December 31, 2019 (for businesses with fewer than eleven employees in New York City) N.Y.L.L. §652. New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. § 146-1.4[1].

14. Here, Plaintiff was not paid at the minimum wage rate for the work performed. Additionally, Plaintiff was paid at a fixed salary rate for the work performed. For all work, plaintiff was not paid at the overtime rate for hours worked per week above 40.

15. Where an employee receives a straight weekly salary, there is a rebuttable presumption under the FLSA that the salary covers 40 hours worked. Therefore, to determine the regular rate, the weekly salary is divided by 40 hours. *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

16. Accordingly, for any periods of employment when Plaintiff was paid a fixed salary, the regular rate is determined by dividing weekly salary by 40 hours. The regular rate is

---

1 Plaintiff's counsel, without waiving Plaintiff's FLSA rights, calculates damages under the New York Labor Law because it is more advantageous.

multiplied by 1.5 to determine the overtime rate that should have been received. Prior to 2011, the weekly pay is divided by the total hours worked each week.

17. Furthermore, under the New York Labor Law and regulations, the limitations period is six years, regardless of willfulness. N.Y. Labor Law § 663(3). Causes of action under the New York Labor Law accrue in the same manner as do causes of action under the FLSA. *See Godlewska v. Human Dev. Assoc., Inc.*, 2006 U.S. Dist. LEXIS 30519 at *12 (E.D.N.Y. May 18, 2006). Therefore, back pay under the New York Labor Law should be calculated from the start of Plaintiff's employment, which was less than six years from the filing date.

18. Additionally, under the New York Labor Law, Plaintiff is entitled to recover liquidated damages in the amount of 100% of the unpaid minimum wage and overtime wages.

19. Plaintiff also seeks an award of prejudgment interest on the New York law claims for unpaid overtime wages. Under New York law, the court may award prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay. *See Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001); *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997). This is because under New York law, prejudgment interest compensates the plaintiff for the defendant's interest-free use of the Plaintiff's money. *See Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). In addition, under New York law, prejudgment interest can be awarded in addition to liquidated damages. This is so because under New York law liquidated damages are considered a penalty, serving a different purpose as a

sanction for willfully failing to pay wages. *Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).

20. Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9 %) per annum simple interest. *See Perero v. Food Jungle, Inc.*, No. 05 Civ 4347, 2006 WL 2708055, at *8 (E.D.N.Y. Aug. 7, 2006). As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. *See Perero*, 2006 WL 2708055, at *8; *Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 597 (E.D.N.Y. ), *aff'd in pertinent part and vacated in part*, 160 Fed.Appx. 91 (2d Cir. 2005). Thus, prejudgment interest on Plaintiff's back pay awards should be computed from the median of each relevant period to the date of judgment.

21. Further, Plaintiff is entitled to recover for violations of NYLL §§ 195(1) as per NYLL §§ 198.

22. Additionally, Plaintiff is entitled to recover for violations of NYLL §§ 195(3) as per NYLL §§ 198.

23. Moreover, The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1)

("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

24. Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorneys' fees and costs.

## Spread of Hours Pay

25. Plaintiff is also entitled to spread of hours pay under the New York spread-of-hours regulation, which requires employers to pay workers for an additional hour of overtime-rate pay beyond their regular pay when the workday is more than ten (10) hours. 12 N.Y.C.R.R. § 146-1.6; *Angamarca v. Pita Grill 7 Inc.*, 2012 U.S. Dist. LEXIS 108322, *16-17, 2012 WL 3578781 (S.D.N.Y. Aug. 2, 2012).

## Three Year Statute of Limitation Under the FLSA

26. Plaintiff is entitled to a three-year limitations period under the FLSA, as the uncontradicted evidence in the record supports a finding of willfulness and lack of good faith. Under the FLSA, when the underpayment by the employer is willful, the limitations period increases from two (2) to three (3) years. 29 U.S.C. § 255(a). Willfulness under the FLSA means the employer "knew or showed reckless disregard for the matter of whether [the employer's] conduct was prohibited by the statute," *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Damassia v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 9768 at *5 (S.D.N.Y. May 20, 2005)(willfulness was properly pleaded by alleging, inter alia, that the employer was "aware of the existence of the FLSA and its overtime requirements."). Courts often also find that a defendant's failure to participate in the proceedings is to be taken as additional support for a finding of willfulness within the meaning of FLSA. *See Santillan v. Henao*, 822 F. Supp.2d 284,

297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness."); *Blue v. Finest Guard Servs. Inc.*, 2010 WL 2927398, at *11 (E.D.N.Y. June 24, 2010) ("Since the corporate defendant has failed to appear in court for this case, and a default judgment has [been] entered against it, its failure to pay plaintiffs' minimum wages is deemed to be willful.").

<u>Liquidated Damages</u>

27. Liquidated damages of 100% of the unpaid wages under the FLSA are mandatory. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages"). The employer can make this award discretionary, however, by a showing of good faith. 29 U.S.C. § 260. In the present matter, the Defendants have defaulted. Consequently, they cannot meet this burden, and thus an award of liquidated damages is mandatory. Liquidated damages should be awarded in an amount equal to the unpaid minimum wages and overtime. 29 U.S.C. § 216(b).

28. The NYLL provides for a liquidated damages award "'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" *McLean v. Garage Management Corp.*, 2012 U.S. Dist. LEXIS 55425 at *21 (S.D.N.Y. April 19, 2012) (quoting NYLL §198(1-a)). This is the same as the FLSA's good-faith standard for liquidated damages.

29. "Prior to November 24, 2009, plaintiffs were entitled to recover liquidated damages under the NYLL equal to 25% of unpaid wages if plaintiffs could prove that employers'

8

NYLL violations were 'willful.'" *McLean* 2012 U.S. Dist. LEXIS 55425 at *21). The pre-amendment willfulness standard is the same as the FLSA's willfulness standard. *Id.* ("the NYLL willfulness' standard under the pre-amendment provision 'does not appreciably differ from the FLSA's willfulness standard'") (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011)).

30. Until April 9, 2011, liquidated damages under New York law were 25% of the unpaid wages. Since April 9, 2011, they are 100% of the underpayments. N.Y. Lab. Law §663(1); *see also Pinovi v. FDD Enters.*, 13-cv-2800 (GBD), 2015 U.S. Dist. LEXIS 89154, *15 (S.D.N.Y. July 8, 2015)

31. Given the uncontroverted evidence of Defendants' lack of good faith and willfulness, Plaintiff is entitled by statute to liquidated damages under the New York Labor Law.

<u>Wage Notice and Wage Statement</u>

32. New York law required an employer to provide an employee with written notice of his wages at the time of hiring, and to provide a wage statement together with each payment of wages. NYLL §§195(1), (3). The NYLL imposes statutory damages of $50 per day for failure to provide the wage notice, up to a maximum of $5,000, and $250 per day up to a $5,000 maximum penalty for failure to provide wage statements. NYLL §§198(1-b), (1-d).

<u>Recovery of Equipment Costs</u>

33. The FLSA prohibits an employer from requiring an employee "to purchase 'tools of the trade which will be used in or are specifically required for the performance of the employer's particular work and 'the cost of such tools . . . cuts into the minimum or overtime wages required to be paid to [the employee.'" *Salinas v. Starjem Rest. Corp.*, 123 F.Supp. 3d

9

442, 476 (S.D.N.Y. 2015) (quoting 29 C.F.R. §531.35). The same is true under New York law. *Id.*

34. The Defendants required Plaintiff Zapoteco to gloves, masques, alcohol, and knife sharpeners to perform his job at Noor Live. He is entitled to recover the costs of those purchases.

<u>Prejudgment and Post-judgment Interest</u>

35. Plaintiff is entitled to prejudgment interest on their unpaid spread of hours damages. *See* N.Y. C.P.L.R. §5001; *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34 (plaintiff may recover prejudgment interest for spread of hours pay).

36. Plaintiff is also entitled to prejudgment interest on their minimum and overtime wage claims under the NYLL. NYLL §198(1-a); C.P.L.R. §5001; *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34. Plaintiffs maintain that they are entitled to federal liquidated damages for the period worked for Defendants covered by the FLSA (i.e. since December 31, 2011 through the end of his employment), and acknowledge that they cannot recover NYLL prejudgment interest on unpaid wages for the period that they are receiving federal liquidated damages. *Angamarca*, 2012 U.S. Dist. LEXIS 108322, at *33-34. If the Court finds that Plaintiff is not entitled to federal liquidated damages, or finds that the Defendants' violation were not willful and therefore a two-year statute of limitations applies to the FLSA claims, Plaintiff should receive prejudgment interest under the NYLL for any time period for which they do not receive federal liquidated damages.

37. Prejudgment interest should be calculated at the rate of 9% per year, by multiplying the principal by the interest rate of 9% for a single midpoint date up until the date judgment is entered. *Id.*, 2012 U.S. Dist. LEXIS 108322, at *34.

38. Plaintiff also should be awarded federal post-judgment interest. 28 U.S.C.§1961.

Attorneys' Fees and Costs

39. The FLSA and the New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court"). Plaintiff incurred costs and attorneys' fees in pursuing this action, and seeks an award of reasonable attorney's fees and costs.

Conclusion

40. Based on the above information, Plaintiff Alejandro Zapoteco should be awarded the following damages against defaulting defendants:

| Damages Category | Amount |
| --- | --- |
| Minimum and Overtime Wages | $68,973.00 |
| Liquidated Damages on Minimum and Overtime Wages | $68,973.00 |
| Unpaid Spread of Hours (SOH) Pay | $11,718.00 |
| Liquidated Damages on unpaid SOH | $11,718.00 |
| Wage Notice | $5,000.00 |
| Wage Statements | $5,000.00 |
| Tools of the Trade | $1,320.00 |

| Attorney Fees | $6,410.00 |
| Attorney Costs | $851.00 |
| **Total** | $179,963.00 |

41. As shown herein, no live testimony is necessary when, as in the present case, the Court has before it the proper measure of damages and evidence submitted by Plaintiff that allows damages to be calculated with reasonable certainty. The computation of damages in accordance with the methods described above is set forth in the accompanying spreadsheets.

42. Plaintiff also requests pre-judgment interest on unpaid minimum and overtime wages in an amount to be determined at the sign of judgment.

43. Plaintiff also requests interest on the principal amount of the judgment at the federal post-judgment interest rate, pursuant to 28 U.S.C. §1961.

44. Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment under the NYLL shall automatically increase by fifteen percent, as required by NYLL § 198(4).

Dated: New York, New York
      August 27, 2021

    /s/
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, NY 10165
(T) (212) 317-1200
(F) (212) 317-1620

*Attorney for Plaintiff*