UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEJANDRO ZAPOTECO,

                Plaintiff,

- against -

SAROOP & SONS INC. (D/B/A SAROOP & SONS), NOOR LIVE POULTRY CORP. (D/B/A NOOR LIVE POULTRY MARKET), PRANDIT SAROOP and SALAM DOE,

                Defendants.

**ORDER**

21 Civ. 123 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Alejandro Zapoteco brings this action against Defendants Saroop & Sons Inc., Noor Live Poultry Corp., Prandit Saroop, and Salam Doe, under the Fair Labor Standards Act (the "FLSA") and the New York Labor Law for unpaid minimum and overtime wages, spread of hours pay, failure to provide required wage notice and wage statements, and "tools of the trade" expenses. (Cmplt. (Dkt. No. 1))

      On July 28, 2021, this Court entered an Order of Default as to Defendants Saroop & Sons, Noor Live Poultry, and Prandit Saroop (the "Defaulting Defendants") (Dkt. No. 40),[1] and referred this case to Magistrate Judge Ona T. Wang for an inquest on damages. (Dkt. No. 39) On May 9, 2023, Judge Wang issued a Report and Recommendation ("R&R") recommending that

> the Court award judgment for Plaintiff against Defendants Saroop & Sons Inc., Noor Live Poultry Corp., and Prandit Saroop for the amount of $162,155 broken down as follows: $137,946 for wage damages; $10,000 for notice damages;

---

[1] Defendant Salam Doe was not served. Accordingly, as discussed at the July 14, 2021 default hearing, Plaintiff's claims against Defendant Salam Doe were dismissed on consent. (See Dkt. No. 40 at 2)

$7,560 for spread of hours; $1,320 for tools of the trade; $4,875 for attorney's fees; $554 for costs; plus additional pre-judgment interest to be calculated by the Clerk of Court from July 16, 2019, to the date of judgment at a rate of nine percent per annum.

(R&R (Dkt. No. 56) at 15 (emphasis omitted)) Judge Wang "further recommends the awarding of post-judgment interest under 28 U.S.C. § 1961." (Id. at 12) No party has filed objections to the R&R.

For the reasons stated below, the R&R will be adopted as set forth below.

## BACKGROUND

The Complaint was filed on January 7, 2021. (Dkt. No. 1) On January 21, 2021, Plaintiff served Defendants Saroop & Sons and Noor Live Poultry. (Dkt. Nos. 15-16) Although their answers were due on February 11, 2021, neither Saroop & Sons nor Noor Live Poultry has appeared, answered, or moved with respect to the Complaint.

Defendant Prandit Saroop was served on February 25, 2021. (Dkt. No. 17) Saroop's answer was due on March 18, 2021, but he has not appeared, answered, or otherwise moved with respect to the Complaint.

On June 2, 2021, Plaintiff obtained Certificates of Default as to Defendants Noor Live Poultry and Saroop. (Dkt. Nos. 24, 27) On June 7, 2021, Plaintiff obtained a Certificate of Default as to Defendant Saroop & Sons. (Dkt. No. 29) On June 16, 2021, Plaintiff moved by Order to Show Cause for a default judgment against the Defaulting Defendants. (Dkt. No. 30)

On June 22, 2021, this Court issued an Order to Show Cause why a default judgment should not be entered, and set a hearing for July 8, 2021. (Dkt. No. 35) Plaintiff served the Order to Show Cause and supporting papers on the Defaulting Defendants on June 23, 2021. (Dkt. No. 36) On July 7, 2021, this Court adjourned the hearing to July 14, 2021. (Dkt.

No. 37) That same day, Plaintiff served the Defaulting Defendants with the order adjourning the hearing. (Dkt. No. 38)

On July 14, 2021, this Court held a default hearing. (July 14, 2021 Minute Entry) No Defendant appeared at the hearing, and accordingly, on July 28, 2021, this Court entered an Order of Default as to the Defaulting Defendants (Dkt. No. 40), and referred this case to Magistrate Judge Ona T. Wang for an inquest on damages. (Dkt. No. 39)

On May 9, 2023, Judge Wang issued her R&R. Judge Wang finds that (1) "the Court may award damages to Plaintiff" because "Plaintiff has adequately proven that he performed work for Defendants and was improperly compensated"; (2) "Plaintiff has . . . produced sufficient evidence of the amount and extent of his work"; and (3) "Defendants have failed to appear and have accordingly failed to provide their own evidence regarding the work performed by Plaintiff, or to negate the inferences drawn in Plaintiff's favor." (R&R (Dkt. No. 56) at 4-5)

As to the calculation of wage damages, Judge Wang finds that "Plaintiff worked 10 hours of overtime per week when he worked 54 hours per week, and 34 hours of overtime per week when he worked 74 hours per week." (Id. at 6-7) Judge Wang further finds that "Plaintiff worked 54 hours per week for 43 weeks from March 1, 2018, until December 30, 2018," and that, for this work, "Plaintiff [is] owed the difference between his actual pay and his lawful pay, $302 per week for 43 weeks, totaling $12,986"; that "Plaintiff worked 54 hours per week for 52 weeks from December 31, 2018, until December 30, 2019," and that, for this work, "Plaintiff [is] owed the difference between his actual pay and his lawful pay, $398.50 per week for 52 weeks, totaling $20,462"; that "Plaintiff worked for 54 hours per week for 7 weeks from December 31, 2019, until February 15, 2020," and that, for this work, "Plaintiff [is] owed the difference

3

between his actual pay and his lawful pay, $485 per week, totaling $3,395"; and that "Plaintiff worked 74 hours per week for 42 weeks from February 16, 2020, until December 6, 2020," and that, for this work, "Plaintiff [is] owed the difference between his actual pay and his lawful pay, $765 per week for 42 weeks, totaling $32,130." (Id. at 7-8 (citing Faillace Decl., Ex. 9 (Dkt. No. 45-9))) Judge Wang goes on to conclude that "Plaintiff should . . . be awarded a total of $68,973 for damages for unpaid minimum wage and overtime compensation for his work from March 1, 2018, to December 6, 2020." (Id. at 8)

Judge Wang also finds that "Plaintiff is entitled to . . . $68,973 in liquidated damages" under the New York Labor Law, because "[l]iquidated damages of 100% of the owed wages are appropriate for an unpaid wage claim 'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" "By defaulting, Defendants have not provided any good faith justification for failing to pay Plaintiff his wages." (Id. at 8-9 (quoting N.Y. Labor Law § 198(1-a)))

As to wage notice and wage statement damages, Judge Wang finds that "Defendants failed to provide Plaintiff with any written notices either in English or in Spanish, Plaintiff's primary language." (Id. at 9) Judge Wang concludes that Plaintiff is entitled to $5,000 for failure to provide wage notice under N.Y. Labor Law § 195(1)(a), and to $5,000 for failure to provide wage statements under N.Y. Labor Law § 195(3)."

As to "spread of hours" pay, Judge Wang finds that "Plaintiff is entitled to recover compensation for 'spread of hours' wages when he worked eleven hours per day on Mondays to Saturdays, February 2020 to December 2020, 6 days a week for 42 weeks," and that "Plaintiff is entitled to an additional hour per day in the applicable time period at the rate of minimum wage, $15 per hour, for 252 days." (Id. at 10 (citing Faillace Decl. (Dkt. No. 45) ¶

4

17)) Judge Wang concludes that "Plaintiff should be awarded $3,780 for spread of hours wages plus $3,780 in liquidated damages, for a total of $7,560." (Id. at 11)

As to "tools of the trade," Judge Wang finds that "Defendants required Plaintiff to purchase gloves, masques, alcohol, and knife sharpeners to perform his job," and that Plaintiff "was also required to purchase uniforms and hairnets out of his own funds in order to work for the Defendants. . . . [Plaintiff] states that he spent a total of $1,320 on these items." (Id. at 11 (citing (Dkt. No. 43) ¶ 34; (Dkt. No. 44) at 4-5)) Judge Wang concludes that "Plaintiff is entitled to recover the costs of those purchases and should be awarded $1,320." (Id.)

As to pre-judgment interest, "[s]ince damages were incurred at various times and varied based on the prevailing minimum wage in the applicable time period, [Judge Wang] find[s] that Plaintiff's proposed date of the midpoint between Plaintiff's claims, July 16, 2019, is reasonable." (Id. at 12) Judge Wang further finds that "Plaintiff should be awarded pre-judgment interest of nine percent per annum from July 16, 2019, through the date of judgment, to be calculated by the Clerk of Court." (Id.) As to post-judgment interest, Judge Wang "recommends the awarding of post-judgment interest under 28 U.S.C. § 1961." (Id.)

As to attorneys' fees, Judge Wang "finds that [Plaintiff's counsel, Michael] Faillace's rate is $250 per hour, in accordance with the rates awarded to small firms in []similar cases," and "recommend[s] that the Court award Plaintiff $4,875 for attorney's fees for 19.5 hours of work." (Id. at 14)

Judge Wang also recommends that Plaintiff be awarded $554 in costs, comprised of $402 for the filing fee, $76 for service on Saroop & Sons, and $76 for service on Noor Live Poultry. (Id. at 15 (citing Dkt. No. 43 at 10))

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no objections are filed in response to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Here, the R&R recites the appropriate deadlines for submission of objections and the consequences for failing to do so:

> In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days (including weekends and holidays) from receipt of this Report to file written objections. See also Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). . . .
>
> **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** []See Thomas v. Arn, 474 U.S. 140, 155 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38

6

(2d Cir. 1983). Plaintiff shall serve a copy of this Report & Recommendation on Defendants and file proof of service on the docket.

(R&R (Dkt. No. 56) at 15-16 (emphasis in original)) Despite clear warning that a failure to file objections would result in a waiver of judicial review, no party has filed objections to the R&R.

## DISCUSSION

Because no party has filed objections to Judge Wang's R&R, the parties have waived judicial review. This Court has nonetheless reviewed Judge Wang's sixteen-page R&R.

As an initial matter, the sum of each amount Judge Wang recommends be awarded to Plaintiff is $162,255, and not the $162,155 referenced in the R&R.

The R&R does not address whether Defendant Saroop is jointly and severally liable with Defendants Saroop & Sons and Noor Live Poultry for Plaintiff's damages.

Under the FLSA, an employment relationship exists when the "'economic reality'" is such that the "alleged employer possessed the power to control the workers in question." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (citing Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984); Goldberg v. Whitaker House Co-op., Inc., 366 U.S. 28, 33 (1961)). Under the New York Labor Law, "'the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results.'" Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 923 (S.D.N.Y. 2013) (quoting Bynog v. Cipriani Grp., Inc., 1 N.Y.3d 193, 198 (2003)).

Here, the Complaint alleges that Defendant Saroop (1) "serve[s] or served as owner[], manager[], principal[], or agent[] of [Defendants Saroop & Sons and Noor Live Poultry]"; (2) "possesses operational control over [the corporate Defendants], an ownership interest in [the corporate Defendants], and controls significant functions of [the corporate

7

Defendants]"; and (3) "determines the wages and compensation of the employees of [the corporate] Defendants, including Plaintiff Zapoteco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees." (Cmplt. (Dkt. No. 1) ¶¶ 3, 19, 22)

This Court therefore concludes that Defendant Saroop – together with Defendants Saroop & Sons and Noor Live Poultry – served as Plaintiff's employer during the period of Plaintiff's employment. As such, Defendant Saroop is responsible for the acts giving rise to liability. Accordingly, Defendants Saroop & Sons, Noor Live Poultry, and Saroop are jointly and severally liable. See Pineda v. Masonry Constr., Inc., 831 F. Supp. 2d 666, 685-86 (S.D.N.Y. 2011) (imposing joint and several liability on defaulting corporate and individual defendants where allegations that individual defendant "was an owner, partner, or manager" of corporate defendants, along with his default, established that he was an employer under the FLSA and the New York Labor Law); Baltierra v. Advantage Pest Control Co., No. 14 Civ. 5917 (AJP), 2015 WL 5474093, at *13 (S.D.N.Y. Sept. 18, 2015) (finding that defaulting individual defendant was an employer and thus individually liable along with defaulting corporate defendant).

This Court otherwise finds the R&R to be thorough, well-reasoned, and free of any clear error.

## CONCLUSION

The R&R is adopted as set forth above. Defendants Saroop & Sons, Noor Live Poultry, and Saroop are jointly and severally liable in the amount of $162,255, comprised of: $137,946 for wage damages; $10,000 for wage notice and wage statement damages; $7,560 for spread of hours pay; $1,320 for "tools of the trade"; $4,875 in attorneys' fees; and $554 in costs.

They are also jointly and severally liable for pre- and post-judgment interest. Pre-judgment interest is to be calculated by the Clerk of Court from July 16, 2019, to the date of judgment at a rate of nine percent per annum. Post-judgment interest is awarded, pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to enter judgment, and to close this case.

Dated: New York, New York
July 17, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge